## Devlin *v.* McCauley, Appellant.

Argued November 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Louis Wagner,* with him *Richard A. Smith* and *Wilbur
F. Whittle,* for appellant, cited: Hoover v. Reichard, 63
Pa. Superior Ct. 517; Johnson v. Ry., 283 Pa. 480; Com.
v. House, 223 Pa. 487.

*Robert M. Bernstein,* for appellee, cited: Bowling v.
Roberts, 235 Pa. 89; O'Malley v. Pub. Ledger Co., 257
Pa. 17; Hershinger v. R. R., 25 Pa. Superior Ct. 147.

PER CURIAM, January 7, 1929:

On the evening of September 20, 1925, Cornelius Dev-
lin, plaintiff's husband, was struck by an automobile,
and died four days later from his injuries; in this action
of trespass for negligence, judgment was entered on a
verdict against Joseph E. McCauley, defendant; he has
appealed therefrom.

That the car which came into collision with deceased
was negligently operated is not now at issue; the point
to be considered is, Did the evidence warrant the court
in submitting to the jury the question as to whether it
was defendant's machine?

McCauley admitted that his automobile, driven by
himself, passed the location of the accident immediately
prior to the time of its occurrence, but denied having had
a collision.

In order to establish the identity of defendant as the
driver of the machine involved in the accident, plaintiff
called five witnesses, all of whom were disinterested.
Their evidence indicated that a red touring car, travel-
ing westward on Allegheny Avenue at the rate of some
thirty-five miles an hour, sped by the west intersection of
Rosehill Street and struck plaintiff's husband, who, at
that point, was crossing Allegheny Avenue from the
north to the south side. After the accident, the machine
continued at about the same rate of speed, and did not

come to a stop until overtaken by another car, at least three blocks from the scene of the collision.

One of the witnesses, Mrs. Zauner, testified that she saw the entire occurrence from the porch of her home; that it was a red touring car which ran into Devlin, and no other car was passing at that immediate time; that another machine came along directly afterward and gave chase to the red touring car, which, in about ten minutes, was brought back by a policeman; she identified it as the machine which struck the deceased. When this red automobile returned to the place of the accident, the right front lens was broken and all its rear lights were out. One of the men in the car was in his shirt sleeves.

Another witness, who lived next door to Mrs. Zauner, testified that, while she did not see the accident, she saw a red touring car speeding by her home just after hearing Mrs. Zauner scream. She noticed that the rear light of this machine was not burning and that one of the occupants of the car was in his shirt sleeves. When the machine was brought back, she said, a man in his shirt sleeves was in the car. This witness also said that, at the moment of the accident, no other car was there; that Allegheny Avenue was then fairly clear of traffic.

Still another witness came on the scene shortly after the accident. He testified that, when the red touring car was brought back by the officer, one of the men in it had no coat on.

A fourth witness, who was driving on Allegheny Avenue, heard Mrs. Zauner scream, "Get that red car," or words to that effect; seeing a machine ahead of him, he took up the chase and had the car in sight until it was brought to a stop; he said that at no time was there more than one automobile between the red car and his own; that there was a man in the red car, sitting by the driver, in his shirt sleeves; that the car was traveling between thirty and thirty-five miles an hour and had no light on the rear.

The last witness, the police officer who accompanied defendant back to the scene of the casualty, testified that he was directing traffic at Front Street and Allegheny Avenue when his attention was called to the fact that a red touring car, which had stopped there, had been involved in an accident; he said that one man in this car was in his shirt sleeves.

We cannot hold that the evidence above outlined fails to sustain the verdict; but appellant contends the trial judge erred in permitting Mrs. Zauner to answer "yes" to the question, "Was the machine that was brought back by the officer the machine that struck the man or not?" In the first place, before objection was made to this question, the witness had already in substance given the same testimony without objection being entered. Next, it is not error to allow one who has seen a negligent act to identify a person or thing involved in the occurrence, if the perpetrator of the act or the thing employed is susceptible of identification. Here, the objection was that it was wrong to permit the witness to make "a categorical answer" that the machine brought back to the place of the accident "was the same machine" which she, shortly before, had seen run down plaintiff's husband; but in this we find no error. The color of the car was out of the usual and Mrs. Zauner stated that she had plainly seen and observed the details of the accident. The witness's answer was subject to cross-examination, which was liberally allowed, and whether the jurors should accept her identification was for them to determine; they, no doubt, did so not only because of her evident reliability, but also because she was corroborated by the testimony of other witnesses, showing circumstantial support.

The judgment is affirmed.